CARLO, RECURRENTE, *v.* EL REGISTRADOR DE ARECIBO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Arecibo denegando la cancelación de dos hipotecas.

No. 515.—Resuelto en abril 17, 1922.

CANCELACIÓN DE GRAVÁMENES—CALIFICACIÓN DE DOCUMENTOS.—Inscrita la transferencia de una finca hipotecada, mediante certificado de venta por contribuciones, el registrador no está impedido de calificar posteriormente el mismo certificado al presentársele de nuevo a los efectos de obtener la cancelación de la hipoteca, sobre cuyo extremo nada se expresó en la inscripción referente a la transferencia.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. A. Brusi.*

El registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

J. E. Carlo, por su abogado, presentó un escrito al Registrador de la Propiedad de Arecibo pidiéndole la cancelación de dos hipotecas que aparecían gravando cierta finca de su propiedad inscrita en el dicho registro. A juicio del

peticionario la cancelación debía verificarse a virtud de dos documentos que acompañó, a saber: un certificado de venta de la finca de que se trata para el pago de contribuciones y un certificado del Tesorero de Puerto Rico afirmando que del expediente instruído al efecto constaba que la dicha venta se había notificado a los acreedores hipotecarios. El certificado tiene fecha 11 de julio de 1918 y la certificación 6 de agosto de 1919.

El registrador devolvió los documentos sin verificar la cancelación por resultar que dichos documentos habían sido calificados por su antecesor en 12 de agosto de 1919 "no permitiendo la ley una segunda calificación de los mismos documentos cuando han producido un asiento en los libros del registro, siendo esa facultad privativa de los tribunales." El presentante recurrió para ante esta Corte Suprema.

Se trata de una finca de setenta y cinco cuerdas que estaba afecta a dos hipotecas, una por $2,500 y otra por $2,300, y que fué vendida para pagar $12.10 de contribuciones adeudadas. El comprador en dicha venta fué José Mayol, quien la vendió a Juan González y éste al recurrente Carlo. La inscripción de la transferencia a favor de Mayol se llevó a efecto a virtud de los mismos documentos ahora presentados el 12 de agosto de 1919, sin hacerse referencia a los gravámenes.

Sostiene el registrador que no habiéndose hecho la cancelación cuando los documentos se presentaron por primera vez, debe presumirse que la cancelación fué negada y que por tanto ha surgido un estado de derecho en el registro que sólo puede alterarse por sentencia de tribunal competente en el procedimiento adecuado.

A nuestro juicio tal presunción no existe. El certificado de venta se presentó la primera vez simplemente para inscribir la venta. Al menos nada consta en contrario. Y si ahora se presenta para pedir la cancelación de los gravámenes, es necesario concluir que se trata de un caso dis-

tinto, no estando por lo tanto el registrador impedido de actuar.

En tal virtud debe revocarse la nota recurrida devolviéndose los documentos al registrador para que proceda a verificar o a negar la cancelación, de acuerdo con los hechos y la ley.

> *Revocada la nota recurrida y devueltos los documentos para que el registrador verifique o niegue la cancelación solicitada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.